IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>)<br>W.P. HICKMAN SYSTEMS, INC., HICKMAN )<br>MANUFACTURING, INC. and A.M. )<br>TECHNOLOGIES, INC., )<br>)<br>Debtors. )<br>) | Chapter 11<br><br>Jointly Administered at<br>Case Number 08-26591-MBM<br><br>Document No. ___<br><br>Related to Doc. No. 667 |

ORDER CONFIRMING JOINT PLAN OF LIQUIDATION OF THE DEBTORS AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE DATED OCTOBER 16, 2009

W.P. Hickman Systems, Inc., Hickman Manufacturing, Inc. and A.M. Technologies, Inc. (collectively, the "Debtors") having filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 2, 2008; the Debtors and the Official Committee of Unsecured Creditors of the Debtors (the "Committee") having filed on October 16, 2009, their Joint Plan of Reorganization styled: *Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors of the Debtors Under Chapter 11 of the Bankruptcy Code Dated October 16, 2009* (the "Joint Plan")[1] and the accompanying disclosure statement (the "Disclosure Statement"); the Debtors having distributed, pursuant to the Order approving the Disclosure Statement, the Joint Plan and Disclosure Statement to creditors, equity holders and parties in interest; the Bankruptcy Court having fixed January 21, 2008 at 10:30 a.m. (EST) as the date and time for a hearing pursuant to Bankruptcy Code §1129 to consider confirmation of the Joint Plan (the "Confirmation Hearing"); the Bankruptcy Court having reviewed the Joint Plan and the Disclosure Statement and any objections to the Joint Plan having been overruled or otherwise withdrawn; the Bankruptcy Court having heard all

---

[1] Capitalized terms not defined herein shall have the meaning ascribed them in the Joint Plan.

statements and proffers of counsel at the Confirmation Hearing; and there being no opposition thereto; the Bankruptcy Court hereby FINDS that:

A. Notice of the Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate as to all parties to be affected by the Joint Plan and the transactions contemplated thereby;

B. Creditors holding claims in Classes 1 (Secured Claims) and 2 (Priority Non-Tax Claims) are unimpaired, and therefore, are deemed to have voted to accept the Joint Plan;

C. Creditors holding claims in Class 3 (FirstMerit Claim) are impaired and such Class has voted to accept the Joint Plan;

D. Creditors holding claims in Class 4 (General Unsecured Claims) are impaired and such Class has voted to reject the Joint Plan;

E. Creditors holding claims in Classes 5 (Warranty Claims) and 6 (Equity Interests) are impaired, but are not receiving or retaining anything under the Joint Plan, and therefore, are deemed to have voted to reject the Joint Plan;

F. Notwithstanding the fact that creditors holding claims in Classes 4, 5 and 6 have voted or deemed to have voted to reject the Joint Plan, the Joint Plan does not discriminate unfairly and is fair and equitable insofar as no claim or interest that is junior to Classes 4, 5 and 6 will receive or retain anything under the Joint Plan on account of such junior claim or interest;

G. The legal and factual bases presented at the Confirmation Hearing establish just cause for the relief granted herein; and

H. The Joint Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Joint Plan is hereby approved and confirmed in all respects pursuant to section 1129 of the Bankruptcy Code and the provisions of the Joint Plan are operable and in full force and effect, provided however:

   i. Section 2.2 of the Joint Plan shall be amended and restated as follows:

      2.2 Allowed Priority Tax Claims. After payment in full of the Allowed Priority FirstMerit Claim, except to the extent that a holder of an Allowed Priority Tax Claim agrees to different treatment, each holder of an Allowed Priority Tax Claim, if any, shall receive Cash in an amount equal to 100 percent (100%) of the unpaid amount of their respective Allowed Priority Tax Claim, plus post-confirmation interest as provided under 11 U.S.C. §511, as such amount becomes available, but in no event later than five (5) years after the Petition Date.

   ii. Notwithstanding anything in the Joint Plan to the contrary, unless and until FirstMerit exercises its rights, pursuant to paragraph 24 of the Bankruptcy Court Order approving the Asset Sale by providing written notice to the Responsible Officer and its counsel, the Bankruptcy Court shall retain jurisdiction over Hickman Mfg.'s real estate located in Wampum, Pennsylvania and any sale of the Wampum Property shall be subject to Bankruptcy Court approval subject to higher and better offers.

   iii. Section 6.9 of the Joint Plan (styled: *Retention of Professionals by the Reorganized Debtors*) shall be amended so that McGuireWoods, LLP may also serve as conflicts counsel for the Reorganized Debtors.

2. The Debtors' authorized representatives and counsel, be and hereby are authorized to take all actions necessary to implement and consummate the Joint Plan.

3. As of the Effective Date, Released Parties shall forever be released and discharged from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution and rights of indemnification that the Releasing Parties may have, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in

law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place prior to the Effective Date.

Dated: Pittsburgh, Pennsylvania
January 21, 2010

_____
UNITED STATES BANKRUPTCY COURT

FILED

JAN 26 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA